[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Alfred Catucci and his son Thomas Catucci brought this action in two counts against the defendant, Robert J. Ouellette, to recover damages and obtain recission of a real estate sale of lot No. 49 located at Lakeshore Drive, New Hartford. The first count is based upon a claim of unfair trade practice, General Statute Sec. 42-110 (b) and the second count of fraud and misrepresentation.
On or about January 11, 1988, the defendant placed an advertisement in the Bristol Press for the sale of Lot No. 10 Lakeshore Drive, New Hartford for $60,000.00. The ad stated: "NEW HARTFORD 1 1/2 acre 225 foot road frontage. $60,000 or B/O. 584-0432." Mr. Thomas Catucci answered the ad and after viewing the property entered into an agreement on January 16, 1988 to purchase the lot for $56,000.00. One thousand dollars was paid as a deposit with the balance to be paid $29,000.00 at the closing and a purchase money mortgage of $26,000.00. Thereafter on January 19, 1988, the property was sold to Alfred T. Catucci by warrant deed for $50,000.00. At the closing the buyer paid $49,343.67 in addition to the $1,000.00 deposit.
Subsequent to the purchase, Thomas Catucci made numerous attempts to obtain a sewer permit for the lot — all without success. All witnesses including Joyce Raabe, Cynthia Rabinowitz, David Knauf and Robert Bisson, were of the opinion that the lot would not support a sewer system and is legally unbuildable. The plaintiffs introduced in evidence an "application for permit to construct a subsurface sewage system" dated July 25, 1986 filed by the defendant. On August 19, 1986, the Connecticut Department of Health Services denied the application stating, "site unsuitable for sewage disposal." While there is a conflict in the testimony, the court finds that this information was not disclosed to either Mr. Thomas Catucci or the actual buyer Mr. Alfred Catucci. The court finds credible the testimony of Thomas Catucci that had this information been disclosed, he would not have negotiated for the property in the first place. Even if Thomas Catucci had been informed of the problem, there remained a duty to disclose to the actual buyer, Alfred Catucci, since it was his money that was involved.
From the evidence, it is reasonable to infer that the CT Page 7431 defendant knew that the property was being purchased in order to build a house. At the closing, Mr. Ouellette gave Thomas Catucci a list of contractors to assist in such a project. He cannot now be heard to say that the deal was only for speculation and not for a residence. The ability to construct a residence on lot 49 was clearly an essential element of the transaction. The failure to disclose the initial information that the property had been found "unsuitable for sewage disposal" was clearly improper and under the circumstances fraudulent. Pacelli Bros. Transportation, Inc. v. Pacelli, 189 Conn. 401, 407; Gelinas v. Gelinas, 10 Conn. App. 167, 173.
On or about November 1, 1988, Alfred Catucci transferred the property to his son, Thomas by quit-claim deed. It was thereafter on August 22, 1989 that the plaintiffs served this action. The final rejection for a sewer permit by the Farmington Valley Health District for a two bedroom house was dated January 21, 1989. One of the reasons for the rejection was "site unsuitable for sewage disposal."
A person who has been defrauded has the right to elect to rescind the contract and receive the entire value in return or elect to receive damages. Duksa v. Middletown,173 Conn. 124, 129. In addition, a successful party in a fraud case may claim punitive or exemplary damages. Brower v. Perkins,135 Conn. 675, 681; Wedig v. Brinster, 1 Conn. App. 123, 134. In this case, the property has minimal value to a third party and little if any to these plaintiffs. There is no prospect of a sale to an owner of Lot no. 50 since it too is unbuildable. Accordingly, the proper remedy is recission and damages.
It is ordered that the plaintiff, Thomas Catucci shall within twenty days reconvey by quit claim deed lot no. 49 to the defendant who shall pay to Thomas Catucci $1,000.00 and to Alfred Catucci, $49,343.67, together with statutory interest from August 22, 1989. In addition the defendant shall pay Thomas Catucci damages in the amount of $7,626.62 with statutory interest from August 22, 1989 to cover reasonable expenses as follows:
 Town of New Hartford (taxes) $5,133.87 Attorney Mark Jones (legal fee and recording fees) 159.50 Centrella (backhoe) 120.00 Farmington Valley Health District (permit fee) 100.00 Bernard Bisson engineering services) 1,483.25 Joyce Raabe (site evaluation) 180.00 Cynthia Rabinowitz (soil analyst) 250.00 James Centrella (test pits) 200.00 __________ CT Page 7432 $7,626.62
Finally, the court awards a reasonable attorney's fee of $2,500.00 representing the retainer of $1,000.00 and $500.00 per day for three days of trial.
Judgment may enter accordingly with costs.
PICKETT, J.